UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RONNIE BROWN** : | **DOCKET NO. 17-cv-712** |
|    DOC # 512598 | **SECTION P** |
| **VERSUS** : | **JUDGE TRIMBLE** |
| **WARDEN COOLIE** : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint filed *in forma pauperis* by *pro se* plaintiff Ronnie Brown ("Brown"). Brown is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and is incarcerated at Winn Correctional Center in Winnfield, Louisiana. However, he complains about events that occurred when he was incarcerated at Allen Correctional Center ("ALC") in Kinder, Louisiana. Brown names ALC Warden Keith Cooley[1] as his defendant herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

**I.**
**BACKGROUND**

Brown claims that at some point between February 17, 2017, and February 26, 2017, he fell backward while "trying to jump in the top bunk." Doc. 1, p. 3. He states that the fall was caused by the lack of ladders and safety rails on the bunks. *Id.* Brown alleges that while falling,

---

[1] Brown spells the defendant's last name as Coolie. However, the correct spelling of the defendant's last name is Cooley.

he hit his head on the cell table, which rendered him unconscious. *Id.* Brown contends that he suffered an injury "because of the lack of safety regulations the prison needs." *Id.*

As relief, Brown asks for monetary compensation "due to the pain and suffering of lack of safety" and to be "placed into a halfway [h]ouse facility" in order to prepare for his release. *Id.* at 4.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Brown has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Doc. 9. This Act directs a district court to dismiss an action if the court determines that it is frivolous or malicious or fails to state a claim on which relief may be granted. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citing 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley*, 157 F.3d at 1025 (failure to state a claim).

### B. *42 U.S.C. § 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, the initial question is whether the plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been

alleged, there is no cognizable claim that would entitle plaintiff to relief.  In order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor.  *West v. Atkin*, 108 S. Ct. 2250, 2254-55 (1988).

### C. Conditions of Confinement

Brown's allegations regarding the lack of a ladder and/or safety rails in his cell implicate his right, under the Eighth Amendment, to be free from cruel and unusual punishment in the form of unconstitutional conditions of confinement. The prohibition against cruel and unusual punishment, however, requires only that prisoners be afforded humane conditions of confinement and that they receive adequate food, shelter, clothing and medical care.  *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001).

Eighth Amendment violations based on official conduct other than a penalty formally imposed for a crime embody both a subjective and an objective component.  *Wilson v. Seiter*, 111 S.Ct. 2321, 2323–24 (1991).  The objective requirement necessitates that the inmate allege a sufficiently serious deprivation.  *Id.* at 2324.  "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation."  *Id.*  (quoting *Rhodes v. Chapman*, 101 S. Ct. 2392, 2399 (1981)) (citation omitted).

The subjective component requires that a prison official act with a sufficiently culpable state of mind.  *Farmer v. Brennan*, 114 S. Ct. 1970, 1977 (1994).  A prison official's culpability is measured by deliberate indifference, which is defined as knowing and disregarding an excessive risk to inmate health or safety.  *Id.* at 1977-78.  Deliberate indifference encompasses only the

unnecessary and wanton infliction of pain repugnant to the conscience of mankind; thus the test is "[s]ubjective recklessness" as used in criminal law. *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997). Accordingly, negligence and even gross negligence do not implicate the Constitution and thus do not provide a basis for a § 1983 claim. *Farmer*, 114 S. Ct. at 1978.

Applying the above principles to the present case, Brown's allegations based on ALC's failure to provide a ladder and/or safety rails simply do not rise to the level of an Eighth Amendment violation. "Cases involving similar complaints . . . have found that allegations of this type do not rise to the level to sustain a 1983 conditions of confinement claim." *Van v. Caldwell Corr. Ctr.*, No. 3:17-cv-532, 2017 WL 3047847, at *2–3 (W.D. La. June 13, 2017), *report and recommendation adopted*, No. 3:17-cv-532, 2017 WL 3044659 (W.D. La. July 18, 2017). While the lack of a ladder and/or safety rails is not perfect, this condition does not amount to cruel and unusual punishment. *See Armstrong v. Terrebonne Parish Sheriff*, No. 2:06-cv-573, 2006 WL 1968887, at *6 (E.D. La. April 27, 2006) ("The Constitution requires neither ladders for bunk beds nor call boxes to remedy the fall experienced by plaintiff."), *report and recommendation adopted*, No. 2:06-cv-573 (doc. 24), 2006 WL 1968887 (E.D. La. June 6, 2006).

Brown's allegation that the defendant is responsible for his fall because the top bunk in his dorm is not equipped with a ladder and/or safety rail does not rise to the level of a constitutional violation. Instead, his allegation amounts to negligence at best, which cannot support an Eighth Amendment claim. Accordingly, this claim should be dismissed.

### D. *Supervisory Liability*

Brown has not stated a viable claim against Warden Cooley. It is clear that this party is named in his supervisory capacity, and it is well settled that supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior*. *See Mouille v. City of Live Oak*,

977 F.2d 924, 929 (5th Cir. 1992). To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, have failed to train or supervise the officials directly involved in circumstances amounting to deliberate indifference to the plaintiff's rights, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Brown v. Bolin*, 500 F. App'x 309, 314 (5th Cir. 2012) (internal quotations and citations omitted); *see also Cozzo v. Tangipahoa Parish Council— President Gov't*, 279 F.3d 273, 289 (5th Cir. 2002). Brown has named Warden Cooley as a defendant but has not alleged personal involvement, any failure to train, or that he implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights.

### E. Halfway House Placement

Brown asks to be placed in a halfway house to prepare himself for his release. In this regard, he is advised that an inmate does not have a constitutional right to be housed in a particular facility. *Olim v. Wakinekona*, 103 S. Ct. 1741, 1745 (1983). Further, to the extent that he may seek an earlier release from confinement, such claim must be pursued through a *habeas corpus* proceeding. *Preiser v. Rodriguez*, 93 S. Ct. 1827, 1841 (1973).

### III.
### CONCLUSION

While a *pro se* litigant should ordinarily be given an opportunity to amend his complaint before it is dismissed, leave to amend is not required if the plaintiff has already pleaded his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 1998) (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). In this matter, it is clear that Brown cannot state a claim under applicable law and that leave to amend will not cure the deficiencies in his allegations.

Therefore, for reasons stated,

**IT IS RECOMMENDED** that Brown's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 27th day of December, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE